UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-409(RHK/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RETURN PROPERTY |
| v. | ) | |
| STEPFON CORNELIUS KILLINGSWORTH, Defendant. | ) | |

The United States of America, by its attorneys Rachel Paulose, United States Attorney for the District of Minnesota, and Assistant United States Attorney Andrew Dunne, hereby responds to the motion of defendant, pursuant to Rule 41 (g) of the Federal Rules of Criminal Procedure, to return property seized on August 27, 2002, by members of the Minnesota Gang Strike Force.

As set forth in more detail below, the property for which the defendant seeks return has been forfeited by the State of Minnesota through the Minnesota Attorney General's Office administrative forfeiture proceedings. Accordingly, the United States seeks dismissal of the defendant's motion.

**STATEMENT OF FACTS**

On December 17, 2002, a six count Indictment was filed in the District of Minnesota charging the defendant, Stephon Cornelius Killingsworth, and his co-defendant Ronald Williams, with various federal narcotics violations involving the unlawful distribution of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(a)(1). This Indictment arose from an extended undercover

narcotics investigation by members of the Minnesota Gang Strike Force that took place in St. Paul, Minnesota during the summer of 2002. As part of the investigation, the officers executed a search warrant at defendant Killingsworth's residence in St. Paul on August 27, 2002. During the execution of this search warrant, officers recovered five separate baggies containing 13 grams of cocaine base ("crack"), 17 grams of cocaine, and $2,490 in U.S. currency from a safe in defendant Killingsworth's bedroom. The officers also recovered an unloaded revolver and a digital scale (commonly used to weigh narcotics) from the residence. The officers also seized $243 in U.S. currency from defendant Killingsworth at the time of his arrest on August 27, 2002.

On August 19, 2003, defendant Killingsworth appeared before this Court and entered a guilty plea to Count 6 of the Indictment. In the Plea Agreement, defendant Killingsworth admitted to possessing for distribution 13 grams of cocaine base and 17 grams of cocaine that was recovered from his St. Paul residence on August 27, 2002. The parties disputed whether defendant Killingsworth was responsible for the narcotics distributed on two other occasions (the August 13 and August 20, 2002 transactions charged in Counts 2 and 3 of the Indictment) as "relevant conduct" under U.S.S.G. § 1B1.3. These two incidents involved a total of 106 grams of cocaine base thereby raising defendant Killingsworth's Base Offense Level from level 26 to a level 32.

On February 3, 2004, a contested evidentiary hearing was held before this Court to determine the issue of "Drug Quantity" under the Sentencing Guidelines. Defendant Killingsworth had previously waived his right to a jury trial, but preserved his right to have the Government prove "Drug Quantity" by a preponderance of the evidence. At this evidentiary hearing, one of the Government's witnesses was Minnesota Gang Strike Force officer Tim Pinoniemi who executed the search warrant at defendant Killingsworth's residence on August 27, 2002. Through Officer Pinoniemi, the Government introduced the Minnesota Attorney General's list of Administrative Forfeitures that included $2,490 in U.S. currency recovered by the officers from a safe in defendant Killingsworth's bedroom during the execution of the search warrant and $243 in U.S. currency recovered by the officers from defendant Killingsworth at the time of his arrest on August 27, 2002. See Hearing Transcript at p. 28(Attachment D); Government Exhibit 19 (Attachment C).

On March 11, 2004, this Court issued an Order concluding that the Government proved by a preponderance of the evidence that defendant Killingsworth was accountable under the "relevant conduct" guideline provisions for the cocaine base distributed during the August 13 and August 20, 2002 transactions as charged in Counts 2 and 3 of the Indictment. On April 13, 2004, this Court imposed a sentence of 97 months imprisonment to be followed by a three year term of Supervised Release.

Defendant Killingsworth appealed his sentence to the U.S. Court of Appeals for the Eighth Circuit. Defendant Killingsworth argued that the District Court erred in calculating his offense level based on "relevant conduct" contested at the pre-sentencing evidentiary hearing. On July 6, 2005, the Eighth Circuit affirmed the sentence concluding that "the district court had sufficient facts to find by a preponderance of the evidence ... that [Killingsworth] was responsible for the quantity of drugs involved in the jointly undertaken criminal activity." See United States v. Killingsworth, 413 F. 3d 760, 762 (8th Cir.), cert. denied -U.S.-, 126 S.Ct. 633 (2005).

**CLAIMS**

Defendant Killingsworth has filed the instant motion for Return of Property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, or to Set Aside Administrative Forfeiture. Defendant Killingsworth alleges that he was deprived of due process regarding the $2,490 in U.S. currency recovered by the officers during the execution of the search warrant at defendant's residence on August 27, 2002. Specifically, defendant claims that he was "neither given proper notice of any forfeiture proceedings ... nor did he receive notice of the government initiating any administrative procedures" concerning the seized currency. See Defendant's Memorandum at 2. Defendant's claims are wholly without merit.

## DISCUSSION

Rule 41 (g) of the Federal Rules of Criminal Procedure states that a "person aggrieved by an unlawful search and seizure or by deprivation of property" may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. See Fed.R.Crim.P. 41(g).

Here, officers from the Minnesota Gang Strike Force seized currency from the defendant and from his residence on August 27, 2002. On that same date, the officers personally served the defendant with two State Notices of Seizure and Intent to Forfeit Property forms concerning the currency seized from him. See Attachments A and B. On February 5, 2003, the State of Minnesota, through the Minnesota Attorney General's Office, forfeited this currency because the Administrative Forfeiture Notices, previously served upon the defendant, had not been contested. See Government Exhibit 19 (Attachment C).

This Court should dismiss defendant's Rule 41 motion for return of property. Defendant Killingsworth is not entitled to possession of the seized currency at issue because it has been properly forfeited by the State of Minnesota in an administrative forfeiture proceeding. See United States v. Clymore, 164 F. 3d 569, 571 n.2 (10th Cir. 1999)(defendant cannot use Rule 41 to obtain property that has been forfeited in a state judicial

proceeding); Muhammed v. Drug Enforcement Administration, Asset Forfeiture Unit, 92 F. 3d 648, 652 n.4 (8th Cir. 1996)(Rule 41 may not be used to attack an antecedent civil forfeiture).

Moreover, defendant's due process challenge to the state administrative forfeiture proceeding is meritless. See Dusenbery v. United States, 534 U.S. 161, 170 (2002)(due process in administrative forfeiture proceeding requires no more than that government's action be "reasonably calculated, under all circumstances, to apprise [defendant] of the pendency of the action"). Attachments A and B clearly establish that defendant Killingsworth was personally served with the Notices of Seizure and Intent to Forfeit Property by the Minnesota Gang Strike Force officers in this matter.

## CONCLUSION

Based upon all of the foregoing, the United States respectfully submits that defendant's motion under Rule 41(g) of the Federal Rules of Criminal Procedure be dismissed.

Dated: September 25, 2006

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/ Andrew Dunne*

BY: ANDREW DUNNE
Assistant U. S. Attorney
Attorney ID Number 175195