**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

        Plaintiff,                Criminal No. 02-409 (2) (RHK/AJB)

vs.                                  **O R D E R**

Stepfon Cornelius Killingsworth,

        Defendant.

---

Before the Court is Defendant's Motion for Return of Property. The subject property was seized during the execution of a search warrant at Defendant's residence on August 27, 2002: $2,490 in U.S. currency came from a safe in Defendant's bedroom and $243 in U.S. currency from his person. On this same date, Defendant was personally served with a Notice of Seizure and Intent to Forfeit Property, which designated the currency at issue here. That Notice outlined in detail the steps needed to be taken to avoid forfeiture of the described property.

Following the seizure, Defendant entered a guilty plea to Count I of the Indictment charging him with possession of cocaine for distribution. He was sentenced to 97 months imprisonment and a 3-year term of supervised release. The sentence was affirmed by the Eighth Circuit in United States v. Killingsworth, 413 F.3d 760 (8th Cir. 2005), cert. denied, 126 S. Ct. 633 (2005).

Defendant has filed the instant Motion for Return of Property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, or to Set Aside Administrative Forfeiture. He alleges that he was deprived of due process regarding the $2,490 in U.S. currency recovered by the officers during the execution of the search warrant at Defendant's residence on August 27, 2002, and claims that he was "neither given proper notice of any forfeiture proceedings ... nor did he

receive notice of the government initiating any administrative procedures" concerning the seized currency.

Rule 41 (g) of the Federal Rules of Criminal Procedure states that a "person aggrieved by an unlawful search and seizure or by deprivation of property" may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

Officers from the Minnesota Gang Strike Force seized currency from the Defendant and from his residence on August 27, 2002 and personally served the Defendant with two State Notices of Seizure and Intent to Forfeit Property forms concerning the currency seized from him. On February 5, 2003, the State of Minnesota, through the Minnesota Attorney General's Office, forfeited this currency because the Administrative Forfeiture Notices, previously served upon the Defendant, had not been contested. Accordingly Defendant Killingsworth is not entitled to possession of the seized currency at issue because it has been properly forfeited by the State of Minnesota in an administrative forfeiture proceeding. See United States v. Clymore, 164 F. 3d 569, 571 n.2 (10th Cir. 1999) and Muhammed v. Drug Enforcement Administration, Asset Forfeiture Unit, 92 F. 3d 648, 652 n.4 (8th Cir. 1996).

Defendant's due process challenge to the state administrative forfeiture proceeding also fails. See Dusenbery v. United States, 534 U.S. 161, 170 (2002) (due process in administrative forfeiture proceeding requires no more than that government's action be "reasonably calculated, under all circumstances, to apprise [defendant] of the pendency of the action").

Based on the foregoing, **IT IS ORDERED**:

1. Defendant's Motion for Return of Property (Doc. No. 116) is **DENIED**; and

   2.  Defendant's Motion to Set Aside Administrative Forfeiture (Doc. No. 117) is

**DENIED**.

Dated: October 23, 2006

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge