UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-409(RHK/AJB)
Civil No. 06-3978(RHK)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>STEPFON CORNELIUS KILLINGSWORTH,<br><br>Petitioner. | **MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. SECTION 2255** |

## INTRODUCTION

Petitioner Stepfon Cornelius Killingsworth was charged in a six-count Indictment, along with his co-defendant Ronald Williams, with various federal narcotics violations involving the possession and distribution of cocaine and crack cocaine in August, 2002.

On August 19, 2003, the Petitioner appeared before this Court and pled guilty, pursuant to a written Plea Agreement, to Count 6 of the Indictment that charged him with possession of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). An evidentiary hearing was held before this Court on February 3, 2004 concerning the issues of "drug quantity" and "relevant conduct" in the PreSentence Report. On March 11, 2004, this Court issued an Order concluding that Petitioner was accountable, under the "relevant conduct" provisions of the Sentencing Guidelines, for the crack cocaine involved in the August 13 and August 20 transactions (as charged in Counts 2 and 3 of the Indictment). The Petitioner

again appeared before this Court for sentencing on April 13, 2004. The Petitioner was sentenced to 97 months imprisonment, the bottom of the applicable guideline range.

The Petitioner filed an appeal to the Eighth Circuit Court of Appeals to challenge the sentence imposed by the District Court. The Eighth Circuit affirmed the Petitioner's sentence in an opinion dated July 6, 2005. See United States v. Killingsworth, 412 F. 3d 760 (8th Cir.), cert. den. 126 S. Ct. 633 (2005). The Petitioner's request for a Writ of Certiorari was denied by the Supreme Court on November 7, 2005.

The Petitioner has now filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The Petitioner contends his counsel was ineffective for the following reasons: failing to challenge the search warrant for his residence prior to entering a guilty plea and waiving that right as part of the plea agreement; and failing to "advance to the appellate level" the alleged "contradictory testimony" concerning drug quantity and relevant conduct at sentencing. The Petitioner also claims that the Government breached the terms of the Plea Agreement. The Petitioner's claims are wholly without merit.

## STATEMENT OF FACTS

On December 17, 2002, a six count Indictment was filed in the District of Minnesota charging the Petitioner, Stepfon Cornelius Killingsworth, and his co-defendant Ronald Williams, with various

federal narcotics violations involving the unlawful distribution of cocaine and crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count 1 charged the defendants with conspiracy to distribute in excess of fifty grams of crack cocaine between August 1 and 27, 2002. Counts 2 and 3 charged the defendants with aiding and abetting each other in the distribution of crack cocaine on August 13 and August 20, 2002. Counts 4 and 5 charged Ronald Williams with possession with intent to distribute crack cocaine on August 27, 2002. Count 6 charged Killingsworth with possession with intent to distribute crack cocaine on August 27, 2002.

This Indictment arose from an extended undercover narcotics investigation by members of the Minnesota Gang Strike Force that took place in St. Paul, Minnesota during the summer of 2002. As part of the investigation, the officers, utilizing a confidential informant, made two controlled purchases of crack cocaine from the defendants on August 13 and August 20, 2002, totaling approximately 106 grams of crack cocaine. Additionally, the officers executed a search warrant at Killingsworth's St. Paul residence on August 27, 2002. During the execution of this search warrant, officers recovered five separate baggies containing 13 grams of cocaine base ("crack"), 17 grams of cocaine, and $2,490 in U.S. currency from a safe in Killingsworth's bedroom. The officers also recovered an unloaded revolver and a digital scale (commonly used to weigh narcotics) from the residence.

On August 19, 2003, Killingsworth appeared before this Court and entered a guilty plea to Count 6 of the Indictment. In the written Plea Agreement, Killingsworth admitted to possessing for distribution 13 grams of crack cocaine and 17 grams of cocaine that was recovered from his St. Paul residence on August 27, 2002. The parties disputed whether Killingsworth was responsible for the narcotics distributed on two other occasions (the August 13 and August 20, 2002 transactions charged in Counts 2 and 3 of the Indictment) as "relevant conduct" under U.S.S.G. § 1B1.3. These two incidents involved a total of 106 grams of crack cocaine thereby raising Killingsworth's Base Offense Level from level 26 to 32.

On February 3, 2004, a contested evidentiary hearing was held before this Court to determine the issues of "drug quantity" and "relevant conduct" under the Sentencing Guidelines. Killingsworth had previously waived his right to a jury trial, but preserved his right to have the Government prove "drug quantity" by a preponderance of the evidence at the time of sentencing.

On March 11, 2004, following the evidentiary hearing, this Court issued an Order concluding that the Government had proven by a preponderance of the evidence that Killingsworth was accountable under the "relevant conduct" guideline provisions for the crack cocaine distributed during the August 13 and August 20, 2002 transactions as charged in Counts 2 and 3 of the Indictment. On

April 13, 2004, this Court imposed a sentence of 97 months imprisonment to be followed by a three year term of Supervised Release.

Killingsworth appealed his sentence to the U.S. Court of Appeals for the Eighth Circuit. Killingsworth argued that the District Court erred in calculating his offense level based on "relevant conduct" contested at the pre-sentencing evidentiary hearing. On July 6, 2005, the Eighth Circuit affirmed the sentence concluding that "the district court had sufficient facts to find by a preponderance of the evidence ... that [Killingsworth] was responsible for the quantity of drugs involved in the jointly undertaken criminal activity." See United States v. Killingsworth, 413 F. 3d 760, 762 (8th Cir.), cert. denied -U.S.-, 126 S.Ct. 633 (2005).

**ISSUES**

Petitioner has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner contends that his counsel was ineffective for the following reasons: failing to challenge the search warrant for his residence prior to entering a guilty plea and waiving that right as part of the plea agreement, and failing to "advance to the appellate level" the alleged "contradictory testimony" concerning relevant conduct that had previously been raised at sentencing. The Petitioner also claims

that the Government breached the terms of the Plea Agreement. The Petitioner's claims are without merit.

## ARGUMENT

### I. PETITIONER KNOWINGLY AND VOLUNTARILY ENTERED INTO A PLEA AGREEMENT AND HAS FAILED TO ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL.

The Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel. In order to establish such a claim, Petitioner must demonstrate that counsel's performance fell below an "objective standard of reasonableness under prevailing professional norms" and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). This Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

According to Petitioner, he was denied effective assistance of counsel based on his counsel's (1) failure to challenge the search of his residence prior to entering a guilty plea and waiving that right as part of the Plea Agreement; and (2) failure to "advance to the appellate level" the alleged "contradictory testimony" concerning relevant conduct that had previously been raised at sentencing. Far from meeting this heavy burden, however, Petitioner's claims are merely conclusory and wholly disproved by

the record itself. Since Petitioner cannot establish either prong, his claim of ineffective assistance of counsel should be denied.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) established, as the "benchmark" for deciding such claims, whether counsel's conduct so undermined the proper functioning of the adversarial process that the conviction cannot be relied on as having produced a just result. Strickland, 466 U.S. at 688-89. A defendant must show that "counsel's representation fell below an objective standard of reasonableness", taking into account a "strong presumption" of defense counsel's "reasonable professional assistance." Strickland, 466 U.S. at 690.

Moreover, it is well established that a guilty plea is valid so long as it was a voluntary and intelligent choice made by the defendant. Hill v. Lockhart, 474 U.S. 52, 56 (1985). A defendant who pleads guilty based on the advice of counsel may attack the voluntary and intelligent character of the plea only by showing that counsel's representation fell below and "objective standard of reasonableness" and that counsel's error resulted in prejudice. Id. at 57-58. In order to satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Id. at 59. A presumption exists that counsel's representation was sufficient. Strickland v.

Washington, 466 U.S. 668, 690 (1984). The Petitioner has failed to meet the Strickland standard.

In this case, the record firmly establishes that Petitioner's counsel effectively represented him below and on appeal. At the Rule 11 plea proceeding, this Court confirmed that counsel had reviewed the terms of the Plea Agreement with Petitioner and answered all of his questions. See Plea Transcript, pp. 15-17. Petitioner stated, under oath, that he had sufficient time to meet with his attorney to discuss the case and to review the Plea Agreement and that he understood the terms of the agreement. Id. Moreover, Petitioner acknowledged to this Court that he was aware of each of the rights he was waiving by entering his guilty plea and that he was doing so "willingly, voluntarily and consciously." Id. at pp. 25-27.

A brief review of terms of the Plea Agreement also demonstrates that Petitioner received several benefits by pleading guilty. First, counsel negotiated an agreement where the Government agreed to dismiss Counts 1 through 3 of the Indictment, each of which carried a ten-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A). By pleading guilty to Count 6, which carried only a five-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B), Petitioner avoided the higher mandatory minimum statutory penalty. Additionally, in the Plea Agreement, counsel negotiated a reduction for "acceptance of responsibility"

under U.S.S.G. § 3E1.1; a recommendation by the Government against a two level enhancement for possession of a firearm or other dangerous weapon under U.S.S.G. 2D1.1(b)(1); the possibility of a two level reduction under the "safety-valve" provisions[1] set forth in 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2; and reserved the right to argue for a two level minor role reduction under U.S.S.G. § 3B1.2(b). Finally, the Plea Agreement reserved the right to contest the Base Offense Level for "drug quantity" at a pre-sentencing evidentiary hearing held before this Court. Accordingly, the advice that Petitioner received from his counsel was not only accurate, but well within the "objective standard of reasonableness" required under Strickland v. Washington, 466 U.S. 668, 689 (1984).

Moreover, the actions taken by Petitioner's counsel following the Rule 11 plea proceeding further reflect competent legal assistance, and, indeed, an aggressive defense. Following Petitioner's guilty plea, counsel objected to the "drug quantity" calculations set forth in the PSR. See Addendum to PSR, at A-2. Counsel skillfully cross-examined the Government's witnesses at the pre-sentencing evidentiary hearing attacking their respective testimonies. In the post-hearing sentencing memorandum, counsel vigorously argued that the Government had not met its burden of

---

[1]Killingsworth ultimately "elected not to proceed with the [safety-valve] proffer", thereby rendering him ineligible, through no fault of defense counsel, for this guideline reduction. See Sentencing Transcript, at pp. 5-6.

proof as to the higher "drug quantity" calculations. Counsel also contended that the Petitioner was entitled to a two level reduction for being a minor participant in the criminal activity. Unfortunately for Petitioner, upon reviewing the evidence in the record, the District Court rejected these arguments and determined that the applicable guideline range of imprisonment was 97 to 121 months based upon the higher "drug quantity" calculation. Counsel did, however, persuade this Court to impose a sentence at the bottom of the applicable guideline range of imprisonment.

Notwithstanding this record and his own clear statements under oath before this Court at the Rule 11 plea proceeding, Petitioner now claims that his counsel was ineffective because he failed to challenge the search of his residence prior[2] to entering a guilty plea and waived that right as part of the Plea Agreement. Once again, the record in this case and Petitioner's own statements contradict this claim.

It is well established that conclusory allegations will not support a motion under 28 U.S.C. § 2255. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). Strickland, 466 U.S. at 690, 694 (1984); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). Moreover, the record in this case

[2]The search of Petitioner's residence was executed pursuant to a validly issued state search warrant supported by an ample showing of probable cause. Petitioner does not point to any specific facts to challenge the issuance or execution of this search warrant that should have been raised by defense counsel.

clearly contradicts Petitioner's conclusory allegations. Given Petitioner's own statements under oath at the Rule 11 plea proceeding, as well as the record of his counsel's active advocacy on his client's behalf, Petitioner has not met his burden in establishing that he received ineffective assistance of counsel either prior to or after entering into the Plea Agreement.[3]

**A. Waiver of Right To Challenge Search Warrant.**

Petitioner claims that his counsel was ineffective for the failure to challenge the search of his residence prior to entering a guilty plea and waiving that right as part of the plea agreement. The Petitioner's claim has no merit.

The Petitioner expressly waived his right to challenge the search of his residence in the written Plea Agreement. See Plea Agreement, ¶ 9 ("By pleading guilty the defendant waives the right to appeal or to collaterally challenge at any time issues pertaining to search and seizure..."). Moreover, Petitioner expressly confirmed his understanding of this waiver at the Rule 11 plea proceeding before this Court. See Plea Transcript, at pp. 14-15; 26-27. The Eighth Circuit has consistently enforced such waivers and, therefore, Petitioner's claim should be rejected.

[3]It should be noted that in response to Petitioner's complaints about his counsel at the time of sentencing, this Court observed that Mr. Goetz "represented [Petitioner] well." See Sentencing Transcript at p. 11. Additionally, the Government's attorney affirmatively praised the efforts of defense counsel on behalf of the Petitioner. Id. at p. 13.

It is well-settled that "[w]hen a defendant waives his appeal and post conviction relief in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." DeRoo v. United States, 223 F. 3d 919, 923 (8th Cir. 2000)(citing United States v. Goings, 200 F. 3d 539, 543 (8th Cir. 2000)). Such a waiver, however, is not enforceable where to do so would result in a "miscarriage of justice." United States v. Andis, 333 F. 3d 886, 891 (8th Cir. 2003). Moreover, such a plea agreement waiver "does not waive a defendant's right to argue, pursuant to [section 2255], that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." DeRoo v. United States, 223 F. 3d at 924; Chesney v. United States, 367 F. 3d 1055, 1058-59 (8th Cir. 2004).

Here, Petitioner claims that his counsel was ineffective for failing to contest the search of his residence and for waiving this issue as part of his guilty plea. Petitioner, however, entered an unconditional guilty plea and the District Court, before accepting the plea, engaged in a colloquy with Petitioner confirming that he knew he was giving up his right to challenge the search.

Other than vague and unsubstantiated allegations, Petitioner has not produced any evidence showing that his counsel was ineffective, that his counsel failed to explain the Plea Agreement waiver to him, or that he did not understand the Plea Agreement. Moreover, Petitioner does not contend that, but for the advice of

counsel, he would not have pled guilty and insisted on proceeding to trial. To the contrary, Petitioner's admissions to the Court at the time of the Rule 11 plea proceeding clearly demonstrate that he understood his agreement, wanted to receive the benefits from that agreement, and knowingly and voluntarily entered into it. Accordingly, Petitioner did not suffer from ineffective assistance of counsel, knowingly and voluntarily entered into the Plea Agreement and, therefore, waived his right to challenge the search of his residence in any post-conviction proceedings. See United States v. Chesney, 367 F. 3d at 1060-61; DeRoo v. United States, 223 F. 3d at 926.

**B. Drug Quantity and Relevant Conduct Determinations.**

The Petitioner also claims that his counsel was ineffective for the alleged failure to "advance to the appellate level" any "contradictory testimony" concerning drug quantity and relevant conduct that had previously been raised at sentencing. Once again, Petitioner's claim has no merit.

It is well established that a Section 2255 motion may not be employed to collaterally attack issues that have been raised and decided on direct appeal. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001); Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). Similarly, any claims which were raised and decided on direct appeal cannot be relitigated in a motion pursuant to 28 U.S.C. § 2255. See English v. United States, 998

F.2d 609, 612 (8th Cir. 1993). Therefore, this claim should be denied.

Here, defense counsel did raise and litigate these issues on appeal to the Eighth Circuit. Unfortunately for Petitioner, after reviewing the entire testimony from the contested evidentiary hearing before this Court, the Eighth Circuit expressly concluded "the district court had sufficient facts to find by a preponderance of the evidence ... that Killingsworth participated in criminal activity with [his co-defendants] and was therefore responsible for the quantity of drugs involved in the jointly undertaken criminal activity." See United States v. Killingsworth, 413 F. 3d at 763. Accordingly, Petitioner's claim of ineffective assistance of counsel on this issue must also fail.

**II. THE UNITED STATES DID NOT BREACH THE PLEA AGREEMENT.**

Finally, Petitioner claims that the Government breached the terms of the Plea Agreement. The Petitioner's claim is wholly without merit.

It is well established that when the Government fails to fulfill a material term or promise contained in a Plea Agreement, such a failure may constitute a breach of that agreement. See Santobello v. New York, 404 U.S. 257, 262-63 (1971). If such a promise was part of the inducement or consideration underlying a guilty plea, its breach will entitle a defendant to relief by seeking specific performance of the term or withdrawal from his

guilty plea. Id. See also United States v. Granados, 168 F. 3d 343, 344 (8th Cir. 1999)(Government's failure to abide by its promise concerning the scope of relevant conduct attributable to defendant will constitute a breach of the plea agreement); United States v. Barresse, 115 F. 3d 610, 612 (8th Cir. 1997)(Government's failure to file an agreed upon downward departure motion will constitute a breach of the agreement); United States v. Van Thournout, 100 F. 3d 590, 594(8th Cir. 1996)(allowing the Government to breach a promise that induced a guilty plea violates due process).

Although the Petitioner failed to raise this issue below or on direct appeal, this Court may review for plain error whether the Government was in breach of the parties' Plea Agreement. See United States v. Granados, 168 F. 3d at 346; United States v. Brown, 508 F. 2d 427, 430 (8th Cir. 1974).

Here, the record is clear that no breach of the Plea Agreement occurred. Petitioner has failed to point to any provision of the Plea Agreement that was violated by the Government. Moreover, the Plea Agreement does not promise a sentence based upon an agreed Base Offense Level, and in fact, the sentence was specifically left to the discretion of the District Court. See Plea Agreement at ¶¶ 1, 3. Most importantly, unlike in Granados, the Government expressly reserved the right to present evidence to the Court concerning the scope of "relevant conduct" under the terms of the Plea Agreement. Id.

Without citing to any specific provision, Petitioner alleges the Government breached the Plea Agreement by advocating, at the time of sentencing, that Petitioner was accountable under the "relevant conduct" guideline provisions for the crack cocaine distributed during the August 13 and August 20, 2002 transactions, (as charged in Counts 2 and 3 of the Indictment) thereby raising Petitioner's "drug quantity" Base Offense Level from level 26 to 32. Contrary to Petitioner's allegation, the record below clearly demonstrates that Petitioner was aware that the Government reserved its right to argue for a higher Base Offense Level under the "relevant conduct" provisions of the Sentencing Guidelines.

Under the terms of the written Plea Agreement, the Government expressly reserved the right to argue for a higher Base Offense Level based upon the "relevant conduct" provisions of the Sentencing Guidelines. See Plea Agreement, ¶ 1 ("The defendant understands that the government will offer evidence at sentencing that the defendant is liable for the conduct in the remaining counts as relevant conduct for calculation of the sentencing guidelines."); ¶ 3 ("The parties do not agree which guideline calculations under the United States Sentencing Guidelines would apply... The Court will make these determinations."). Moreover, at the Rule 11 plea proceeding, the prosecutor reviewed these terms with the Petitioner. See Plea Transcript, at p. 7. The Court then reviewed these terms and confirmed that the Petitioner understood that the Government would be advocating for a higher Base Offense Level of 32 and that the decision would be up to the discretion of

the Court at sentencing. See Plea Transcript, at pp. 11-12, 18-20. The Court then reviewed the specific parameters of the different Base Offense Levels to be calculated by the "drug quantity" and "relevant conduct" determinations and the resulting guideline ranges of imprisonment. Id. The Petitioner specifically acknowledged to the Court that he understood these terms. Id.

The United States did not breach the terms of the Plea Agreement. United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002)(no breach of plea agreement where government never promised to make a specific sentencing recommendation); United States v. Has No Horse, 261 F.3d 744, 750 (8th Cir. 2001)(by making recommendation called for by plea agreement government did not breach agreement). Accordingly, Petitioner's motion should be denied.

**CONCLUSION**

For all of the foregoing reasons, the Petitioner's motion under 28 U.S.C. § 2255 should be denied.

Dated: January 31, 2007

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/ Andrew Dunne*

BY: ANDREW DUNNE
Assistant U.S. Attorney
Attorney ID Number 175195