UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-409 RHK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPFON KILLINGSWORTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

The defendant, Stepfon Cornelius Killingsworth, respectfully moves the Court to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) from 97 to 78 months. The retroactive application of the amended November 1, 2007 Sentencing Guidelines for crack cocaine offenses make Mr. Killingsworth eligible for release from BOP custody prior to his current release date upon resentencing. Mr. Killingsworth's original guideline range was based on a total offense level 30 and a criminal history category I, resulting in a guideline range of 97 to 121 months. The court sentenced Mr. Killingsworth to 97 months. Mr. Killingsworth pled guilty to a single count of possession with intent to distribute 29.4 grams of crack cocaine; he was, however, held accountable, for sentencing purposes, for 134.07 grams of crack and an additional 17 grams of cocaine hydrochloride.[1] Although he is clearly within the class of defendants

[1]The total amount of cocaine and crack rendered a base level of 32. Mr. Killingsworth then received only a two level acceptance of responsibility reduction. This calculation results in a base level of 30.

envisioned to benefit by the enactment of the November amendments, a calculation of Mr. Killingsworth's sentence under the new regime reveals an unintended consequence of the methodology contained in the amendment. Because of the mathematical calculation required by application of U.S.S.G. §2D1.1, Application Note 10 (D), Mr. Killingsworth receives no benefit from the amendment. Such an irrational result should not be permitted.

In promulgating the 2007 amendment to the base offense level calculation, the Commission indicated that it had "updated its analysis of key sentencing data about cocaine offenses and offenders; reviewed recent scientific literature regarding cocaine use, effects, dependency, prenatal effects, and prevalence; researched trends in cocaine trafficking patterns, price, and use; surveyed the state laws regarding penalties; and monitored case law developments." U.S.S.G., App. C, amend. 706, reasons for amendment. Based on this extensive research, the Commission concluded that "the manner in which the Drug Quantity Table in § 2D1.1 ... was constructed to incorporate the statutory mandatory minimum penalties for crack cocaine offenses is an area in which the Federal sentencing guidelines contribute to the problems associated with the 100-to-1 ratio." *Id*. Due to its conclusion (and recommendations for change to be made to Congress), the Commission amended to Drug Quantity Table to modify "the drug quantity thresholds ... so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties." *Id*. The Commission did this in the following manner:

> [P]ursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51-63 months at Criminal History Category I, which includes the five-year (60 months) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 months) statutory minimum for such offenses). Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

*Id*. The Commission then adds that "[t]he amendment also includes a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled substances." *Id*. What is missing from this statement of reasons is any rationale whatsoever for reverting to the offense levels that previously pertained to crack cocaine offenses (and which were based on the 100-to-1 ratio) where there are multiple types of drugs involved. At least one District Court has found, the computational anomaly wrought by the amendment to be irrational. United States v. Horta, (CR-07-16-B-W, D. Me, February 19, 2008). ("The Court concludes that for defendant convicted of possessing cocaine base and another illegal drug, the conversion table for marijuana equivalency in Application Note D to U.S.S.G. §2D1.1 contains a computational anomaly that enhances the sentencing range for a limited set of defendants, based on the quantity of cocaine base alone. Unable to assign a rational policy basis for the resulting sentencing range distinctions among similarly situated defendants, the Court [imposed a sentence outside of the Guidelines] to avoid 'unwarranted sentencing disparities'.")

Here, the sentencing calculation required under the November amendments increases the base offense level in this case. Rather than a level 30 sentence, the new computation results in a base level offense of 32. This cannot have been the intent of

Guidelines modification which was intended to reduce the disparity between sentences attributable to crack cocaine and powder cocaine.

Mr. Killingworth's motion is, therefore, appropriately before this Court. Because his case predominantly involves cocaine base, he should be resentenced in accord with the November 1, 2007 amendments. Applying the November 1, 2007, crack cocaine guideline amendments reduces Mr. Killingsworth's total offense level from 30 to level 28, resulting in new guideline range of 78-97 months.

Mr. Killingsworth has a current BOP release date of April 23, 2011; with a sentencing reduction of 19 months he would be eligible for release from BOP custody in approximately November 2009. Accordingly, Mr. Killingsworth moves the Court to issue an Order reducing his sentence to 78 months. A proposed Order is enclosed for the Court's convenience.

Dated: April 1, 2008

Respectfully submitted,

*s/Lyonel Norris*

LYONEL NORRIS
Attorney ID 165888
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415