UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-409(2) (RHK)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEPFON KILLINGSWORTH,<br>Defendant. | GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582 |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Michael L. Cheever, Assistant United States Attorney, hereby submits this memorandum in response to defendant Stepfon Killingsworth's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) and his 3582 Motion for Sentence Reduction. The defendant is eligible for a reduced sentence within the range of 78 to 97 months.

At the time of the original sentencing in this case, the defendant maintained he was responsible only for 13.27 grams of crack and 17 grams of powder cocaine, and that his base offense level was 26. 2/18/04 Defendant's Post-Hearing Sentencing Memorandum at 10. The Probation Office and the Government maintained the base offense level was 32 based on the defendant's involvement with 134.07 grams of crack and 17 grams of powder cocaine. An evidentiary hearing was held on February 4, 2004 to address this issue.

The defendant was sentenced on April 13, 2004. The Court found the defendant's base offense level was 32 based on 134.07

grams of crack and 17 grams of powder cocaine. 3/11/04 Order; Statement of Reasons at 1 (adopting PSR); PSR ¶ 21. The Court rejected the Defendant's claim that he was entitled to a 2-point reduction for a minor role in the offense. The government noted that a "defendant who falsely denies relevant conduct does not accept responsibility." 1/26/04 Government's Position at 2. The Court awarded the defendant a 2-point reduction for acceptance, and the government did not object. The Court found the total offense level was 30. At criminal history category was I, the Court found the applicable guideline range was 97 to 121 months. Statement of Reasons at 1. The Court sentenced the defendant to 97 months imprisonment.

The defendant challenged this Court's finding regarding his base offense level and his role in the offense on appeal. The Eighth Circuit affirmed the Court's judgment on July 6, 2005. United States v. Killingsworth, 413 F.3d 760, 762-64 (8th Cir. 2005). His petition for a writ of certiorari was denied by the Supreme Court on November 7, 2005. Killingsworth v. United States, 546 U.S. 1007 (2005)

On October 2, 2006, the defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence. The motion claims, among other things, that the defendant should not have been held responsible for the amount of drugs which supported this Court's base offense level finding. The government responded to this motion on January 31, 2007. The defendant was given until

April 20, 2007 to file a memorandum in support of his motion. 2/15/07 Order. The defendant has not filed any memorandum in support, and it appears he has abandoned his Section 2255 motion.

On March 31, 2008, the defendant filed a pro se 3582 Motion for Sentence Reduction and a memorandum in support of it. On April 1, 2008, the defendant, through counsel, filed a Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2). In each motion, the defendant seeks a reduction of his sentence based on Amendments 706 and 711, which modified the crack cocaine guidelines under which defendant was sentenced. The defendant argues that the amended guideline range should be 78 to 97 months and asks for a reduced sentence of 78 months.

The government agrees the defendant is eligible for a reduced sentence within the range of 78 to 97 months. Effective May 1, 2008, the base offense level for 134.07 grams of crack and 17 grams of powder cocaine is now 30.[1] With a 2-point reduction for acceptance, the total offense level is 28. At criminal history category I, the amended guideline range is 78 to 97 months.[2]

---

[1]Amendment 715 to the United States Sentencing Guidelines corrected an anomaly in Amendments 706 and 711 which failed to extend the reduction of the crack guidelines to certain cases involving crack and a second drug. Until Amendment 715 took effect, the defendant was not eligible for a reduction of his sentence under Section 3582(c)(2).

[2]The defendant is not seeking a sentence below 78 months. The defendant is not eligible for a sentence below that level as it is precluded by Guideline Section 1B1.10.

The defendant has never acknowledged his responsibility for the 134.07 grams of crack cocaine at issue in this case and in this motion. Even as he argues for a lower sentence based on the reduced guidelines for that amount of crack, he has a Section 2255 motion pending which claims he should not have been held responsible for it to begin with. A defendant who does not acknowledge what he has done wrong cannot be expected to correct his behavior. Nonetheless, the Court has discretion to reduce the defendant's sentence within a range of 78 to 97 months.

Dated: May 13, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/Michael L. Cheever

BY: MICHAEL L. CHEEVER
Assistant U.S. Attorney
Minn. Attorney ID No. 192582